Morrill v. Lindemann.

## Charles A. Morrill and Richard J. Follis v. George H. Lindemann.

86    75
d211s 571
86    75
e113  ²109

1.  PRACTICE—*Forms for Verdicts by Trial Judge.*—A trial judge is not obliged to prepare forms of verdict, but if he undertakes to do so upon his own motion, the forms should be as complete as the case requires, especially in cases where the jury might be misled by incomplete forms, and imperfect instructions concerning them.

2.  INSTRUCTIONS—*Where There Are °Several Defendants, Some of Whom May be Found Not Guilty.*—An instruction which informs the jury that they may find both defendants guilty, or neither of them, where one of them may be found not guilty, is not the law as applied to actions for malicious prosecution.

**Trespass on the Case,** for malicious prosecution, etc. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed December 5, 1899.

H. R. PEARSON and CRATTY, JARVIS & CLEVELAND, attorneys for appellants.

O. D. SWEARINGEN, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

Appellee brought his action, in trespass on the case, against the appellants for malicious prosecution and for false imprisonment, and recovered a verdict in his favor against both defendants (appellants) for $1,000, from which a remittutur of $250 was entered, and judgment rendered for $750.

The controversy arose out of the larceny of a dog belonging to appellant Morrill, traced into appellee's possession.

There was evidence under which the jury might have justifiably found Morrill not guilty; and by way of illustration it may be said that under the evidence either defendant might have been found guilty and the other not.

The trial judge, however, told the jury that their " verdict should be in one of the following forms," which he gave to them in writing:

"We, the jury, find the defendants guilty, and we assess the plaintiff's damages at the sum of ————."

"We, the jury, find the defendants not guilty."

Although a trial judge is not obliged to prepare forms of verdict, yet if he undertakes to do so upon his own motion, the forms should be as complete as the case requires, especially in cases where the jury might be misled by incomplete forms, and imperfect instructions concerning them.

The jury were, in this instance, told, in effect, that they must find both defendants guilty, or neither of them, and such is not the law as applied to the case at bar. The question is preserved by apt exception, in the motion for a new trial and by assignment of error.

We can not regard the error as cured by one of the general instructions which told the jury that if they believed, from the evidence, certain things, then they might find the defendant Morrill not guilty.

*Non constat* the jury believed such things to have been proved, and yet felt constrained by the oral direction of the court to return their verdict in one of the only two forms the court gave them as proper for them to return. A specific instruction of that kind is much more likely to be followed by a jury than a general one.

The judgment is reversed and the cause remanded.