THE ECONOMY LIGHT AND POWER COMPANY *et al.*

*v.*

FREDERICK HILLER.

*Opinion filed October 24, 1904.*

1. INSTRUCTIONS—*when instruction as to form of verdict is not erroneous.* An instruction giving the form of the verdict to be returned by the jury "if they find for the plaintiff and against both defendants" is not erroneous, as requiring the jury to find both defendants liable or neither of them.

2. SAME—*instruction may state that the question of negligence is one of fact.* It is proper, in an action for negligence, to state in an instruction that the question of negligence upon the part of the defendants, if any, is one of fact, which the jury must determine under the law and the evidence in the case.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. JOHN SMALL, Judge, presiding.

This is an action on the case, brought by Frederick Hiller, appellee, against the Chicago Telephone Company and the Economy Light and Power Company, appellants, to recover for personal injuries sustained by him in Joliet, Illinois.

On the morning of October 23, 1900, the appellee, a boy about eleven years old, was on his way to school in company with several other boys. On the night previous there had been a heavy rain storm, and an electric light wire belonging to the Economy company had sagged down until it came in contact with the wire of the telephone company, resulting in the telephone wire burning off and the end of the wire falling to the ground. Two of the boys picked up the loose end of the wire, suffering no injury. Appellee then picked it up and received a severe shock, which knocked him down and rendered him unconscious.

Upon a trial a verdict was rendered for $5000 against both appellants, but subsequently $2500 was remitted. Judgment was rendered upon the verdict, and defendants prayed

and were allowed separate appeals to the Appellate Court for the Second District, where they were heard and decided as one appeal and the judgment of the circuit court affirmed. From that judgment of affirmance separate appeals are again taken to this court and two sets of abstracts, briefs and arguments filed. The appeals have been consolidated in this court. The grounds of reversal urged by the respective appellants are substantially the same.

KNOX & AKIN, and HOLT, WHEELER & SIDLEY, for appellants.

JOHN W. D'ARCY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Several questions of fact are urged by counsel for appellants which have been conclusively settled by the judgment of the Appellate Court. Others are raised which are settled by the former opinion of this court in a case growing out of the same facts and circumstances. (See 203 Ill. 518.)

It is insisted on behalf of appellants that the court erred in refusing to give a peremptory instruction at the close of the evidence, taking the case from the jury; also, that the judgment cannot be sustained because it is a joint judgment against joint defendants upon a joint cause of action, while the evidence shows that even though both were guilty of negligence, their liability is several, and not joint. Both of these questions were passed upon and settled by the opinion in the former case. While it may be true that the evidence in that case and this is not exactly the same, yet in so far as it bears upon these questions there is no substantial difference. The rules of law applicable to the facts are the same, and we see no reason for changing the views expressed in our former opinion. The evidence fairly tended to prove the plaintiff's case as alleged.

It is also urged that there is a fatal variance between the negligence charged in the declaration and that established by

the evidence. This point is based upon appellants' theory as to the manner in which the accident happened. But that theory is certainly not the only one consistent with the evidence and allegations of the declaration. It charges that appellants allowed their wires to become broken, defective, unsafe and out of repair; that they carelessly, negligently and willfully constructed and maintained said wires too close to each other, and that they neglected to inspect, examine and repair the wires, from which causes the accident resulted. There is evidence in the record tending to sustain these allegations, and there is therefore no substantial variance between the declaration and the proofs.

But four instructions were given by the trial court in the case, and error is assigned upon two of these. The first one complained of is the one given by the court to the jury of its own motion, as to the form of their verdict, and is as follows:

"The court instructs the jury that if they find for plaintiff and against both defendants they may sign and return the following verdict, after inserting the amount of damages, to-wit: 'We, the jury, find the defendants guilty as alleged in the declaration, and we assess the plaintiff's damages at the sum of ...... dollars.' The court instructs the jury that if you find for the defendants you may sign and return the following verdict: 'We, the jury, find the defendants not guilty.' "

It is insisted by appellants that on the trial of the case the question of the joint liability of the defendants, or which of them was liable, was a contested point, and that the instruction in effect told the jury that they must find both defendants guilty or neither of them. We do not think the instruction fairly liable to that construction. The language is, "if they find for the plaintiff and against both defendants." It does not instruct them to find both defendants guilty, but merely informs them what they shall do in case they do so find. The instruction, in itself, is correct and announces the proper form of a verdict. Strictly, it would

have been proper to give another instruction informing the jury as to the form of their verdict in case one was found. guilty and the other not guilty, but we do not think the jury was misled by the instruction as given. *Morrill* v. *Lindemann,* 86 Ill. App. 75, cited by counsel as condemning the instruction, is distinguishable from this case.

The next instruction complained of is the first one given on behalf of appellee. It tells the jury that the question of negligence on the part of the defendants, if any, is a question of fact, which they must determine under the law and the evidence in the case. It is insisted that the instruction given in the case of *Chicago, Burlington and Quincy Railroad Co.* v. *Greenfield,* 53 Ill. App. 424, is directly in point, and the court there held it erroneous. Giving to that case the weight of authority, an examination of the two instructions will show that they are not identical, for the reason that the instruction given in the *Chicago, Burlington and Quincy case* was to the effect that the elements enumerated were questions of fact for the jury to determine, under the evidence in the case and the facts and circumstances as shown. There was nothing said in that instruction as to the law regulating the rights and duties of the parties and defining care and negligence, and the omission of this element was the ground upon which the instruction was condemned. In the case at bar the jury are told that these are questions of fact, which they must determine under the law and evidence in the case. The instruction as given was not erroneous and the court committed no error in giving it.

The case could have been more satisfactorily presented by one set of abstracts, briefs and arguments. We have not attempted to consider the appeals separately.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*