446    APPELLATE COURTS OF ILLINOIS.

Pease v. C. & S. Trac. Co., 158 Ill. App. 446.

## Emma Pease, Appellee, v. Chicago & Southern Traction Company, Appellant.

### Gen. No. 5369.

1. PLEADING—*when allegation of relation of passenger and carrier sufficient.* It is not essential that a declaration should specifically allege the existence of the relation; it is sufficient after verdict if the existence of the relation is in effect charged.

2. EVIDENCE—*effect given to negative.* Negative evidence is of little value when contradicted by direct and positive proof.

3. INSTRUCTIONS—*approved form as to province of jury.* An instruction upon this subject as follows, approved.

"The court instructs the jury that the question involved herein, as alleged in the plaintiff's declaration, of negligence on the part of the defendant, if any, and the exercise of reasonable care on the part of the plaintiff, if any, are what are known as questions of fact which it is the duty and province of the jury to determine under the law and the evidence in the case."

4. INSTRUCTIONS—*upon right of recovery in action for personal injuries approved.* An instruction upon this subject as follows, approved.

"If the jury believe from the evidence that the plaintiff has proved the allegations contained in one or more counts of the declaration by a preponderance of the evidence, and if the jury believe from the evidence that the plaintiff was injured as therein alleged, and if the jury believe from the evidence that the plaintiff, at the time of such injury, was in the exercise of reasonable care for her own safety, and if you further believe from the evidence that such injury, if proved, was caused by or through the negligence of the defendant, as alleged in such count or counts of the declaration, then the plaintiff is entitled to recover such damages as you believe from the evidence will compensate her for the injury sustained."

5. INSTRUCTIONS—*defining negligence approved.* An instruction upon this subject as follows, approved.

"The court instructs the jury that negligence is the omission to do something which a reasonable man, guided by those ordinary considerations which ordinarily regulate human affairs, would do, or the doing of something which a prudent and reasonable man would not do. "

6. VERDICTS—*when excessive.* Held, in an action for personal injuries that a verdict for $1,500 was excessive where no serious or permanent injury, no broken bones, and no loss of earning power were shown by the evidence.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1910. Affirmed on *remittitur.*

Opinion filed November 18, 1910.

LOWES & RICHARDS, for appellant.

BRYAN HUTCHINSON and JOHN W. D'ARCY, for appellees.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On the 29th day of May, 1908, The Chicago and Southern Traction Company owned and operated an electric railway through the village of Crete, in Will county, and at the intersection of Exchange and Vincennes streets in that village maintained a small frame depot at which its cars stopped for the loading and unloading of passengers. At that point there is a jog in Vincennes street which runs north and south, and the railroad tracks and depot are not in the street but on private ground, the track being along the west side of the depot. A wooden platform extends around the building and to the track on the west. On the east and north sides of the depot the ground had merely been filled in or graded so as to be nearly level with the platform. In the evening of said day, appellee alighted from a car of appellant at this depot. The night was dark and there was no light at the depot, at least there was none on the rear or east side of the depot, which was the side nearest Vincennes street. Appellee and her daughter had been visiting in Chicago Heights, returning on the car of appellant, and, after alighting, proceeded to the rear of the depot, intending to cross Vincennes street. As appellee stepped off of the wooden platform, she stepped into a hole which she claimed was about a foot or eighteen inches deep, and she claims to have received internal injuries from which she suffered for a long time. She brought this suit to recover damages for such injuries and, upon a trial, recovered a verdict for $1,500. A motion for a new trial was overruled, and judgment was entered on the verdict, from which the defendant below appeals.

The assignment of errors by appellant is quite

lengthy but not all the points there raised are argued here, and we need not consider any other than those argued. Appellant contends that the declaration does not state a cause of action; that appellee is not therein alleged to have been a passenger on the car of appellant; that there is nothing in the declaration to show that appellee was not a mere licensee upon the premises of appellant; and that appellant therefore owed to appellee only the duty not to injure her wilfully or by any affirmative act. It is true that neither count of the declaration charges in express words that appellee was a passenger on one of appellant's cars, but each count states fully the duty defendant owed to persons patronizing its cars to keep its premises in such condition that its patrons would not be injured in going to and from its cars over the premises in question; and that said premises and platform were owned and used by defendant for the accommodation of its patrons in going to and from its cars; and the first count avers of plaintiff that ''after she had left one of the defendant's street cars,'' and ''when she was passing over the platform at the defendant's station,'' she walked from the platform into the hole complained of. The proof showed that she had, in fact, been a passenger, and it may fairly be assumed from the verdict that the jury found appellee to have been a passenger. In the case of O'Rourke v. Sproul, 241 Ill. 576, it was held that after verdict, on motion in arrest of judgment or on appeal, everything which by fair and reasonable intendment may be inferred from the general averments of the declaration will be presumed. In the case of Hinchliff v. Rudnik, 212 Ill. 569, it was held that ''want of express allegations in the declaration of any matter necessary to be proved, and without proof of which the jury could not have given a verdict, is cured by the verdict, if the declaration contains terms sufficiently general to comprehend any such matter by fair and reasonable

intendment.'' It was necessary for appellee, in order to sustain a verdict, to prove that she was a passenger, at the time she was going from appellant's car with a view to leaving the car and depot grounds, and this she did. It has been repeatedly held by the courts of review in this state that a plea of the general issue admits that a cause of action is stated in the declaration, and we consider that the omission of a direct statement in the declaration that appellee was a passenger is cured by verdict and cannot be taken advantage of here.

Appellant contends that the verdict should not stand, for the reason that there is no evidence in the record tending to show negligence or liability on the part of appellant. We cannot agree with this contention. Appellee was a passenger on one of appellant's cars, and therefore appellee was entitled to the exercise of the highest degree of care and diligence on the part of appellant and its servants for her safety, not alone while she was actually riding on the car of appellant, but also during such reasonable period of time as was required by her for leaving the premises of appellant. It is admitted by appellee that appellant was under no obligation to build a depot for the accommodation of its patrons. But, if so, appellant has seen fit to provide such a depot at this point, and we can see no reason why it should not be required to exercise the same degree of care as any other common carrier, to keep its depot, platform and premises in a safe condition for the ingress and egress of its passengers. The evidence here shows that there was no light on the side of the depot on which was the hole or depression in the ground here complained of. The evidence further shows that the roof of the depot projected over the platform, so that rain water, dripping from the northeast corner of the roof, would fall upon the ground just at the edge of the platform, and it is a fair inference from the evidence that such drip-

450     APPELLATE COURTS OF ILLINOIS.

Pease v. C. & S. Trac. Co., 158 Ill. App. 446.

ping water caused the hole or depression. Appellee and her daughter each testified to the existence of the hole and that appellee stepped into it. One of the witnesses for appellee testified that he saw a "wash out" in the ground at this point the day after the injury complained of, the hole made thereby being described as being about two feet long and about eighteen inches deep. The evidence also shows that this hole was about nine or ten feet in on appellant's property. One of appellee's witnesses testified that this hole looked "like it was an old hole." The proof therefore shows that appellant failed in its duty to provide a safe means of egress for its passengers. If this was an "old hole," the exercise of due diligence on the part of appellant would have caused the hole to be filled up and an eave-trough to be so fitted to the roof of the depot that the rain water would be disposed of in some other way. If this hole was caused by the rain which prevailed on the night in question, the presence of an electric light on the east platform of the depot would have revealed the "wash out" to appellee, and she would not have been injured. Appellant introduced considerable evidence for the purpose of proving that there was no hole at the point stated. This evidence was of a purely negative character, the witnesses testifying that they had never seen such a hole there. Such negative evidence is of little value as against the direct proof on the part of appellee as to the position and size of the hole in question.

Appellant contends that the court erred in giving instructions Nos. 1, 2 and 3, requested by appellee. The first instruction was as follows:

"The court instructs the jury that the question involved herein, as alleged in the plaintiff's declaration, of negligence on the part of defendant, if any, and the exercise of reasonable care on the part of the plaintiff, if any, are what are known as questions of fact which it is the duty and province of the jury to

determine under the law and the evidence in the case.''

The third instruction given at the request of appellee was as follows: .

"If the jury believe from the evidence that the plaintiff has proved the allegations contained in one or more counts of the declaration by a preponderance of the evidence, and if the jury believe from the evidence that the plaintiff was injured as therein alleged, and if the jury believe from the evidence that the plaintiff, at the time of such injury, was in the exercise of reasonable care for her own safety, and if you further believe from the evidence that such injury, if proved was caused by or through the negligence of the defendant, as alleged in such count or counts of the declaration, then the plaintiff is entitled to recover such damages as you believe from the evidence will compensate her for the injury sustained.''

Each of these instructions has been approved in Economy Light & Power Co. v. Hiller, 203 Ill. 518; Economy Light & Power Co. v. Hiller, 211 Ill. 568; and Chicago & Joliet Ry. Co. v. Patton, 219 Ill. 214.

The second instruction given at the request of appellee was as follows:

"The court instructs the jury that negligence is the omission to do something which a reasonable man, guided by those ordinary considerations which ordinarily regulate human affairs, would do, or the doing of something which a prudent and reasonable man would not do.''

This instruction has been approved in Perryman v. Chicago City Ry. Co., 242 Ill. 269, and cases there cited. We consider the instruction named to have been properly given.

Appellant also contends that the verdict is against the greater weight or preponderance of the evidence and that the damages are excessive. We consider that the first of these contentions is not supported by the record before us. Appellee and her daughter both testified to the same state of facts as to her stepping

452    APPELLATE COURTS OF ILLINOIS.

Pease v. C. & S. Trac. Co., 158 Ill. App. 446.

into the hole in question, the approximate size and general location of the hole with reference to the station platform, the absence of any light on that side of the depot, and other essential facts. This evidence was corroborated, in certain particulars, by other witnesses for appellee and no witness was produced by appellant to directly controvert this testimony. But whether or not the amount of the damages is excessive is a different question. A few days after the accident appellee was examined by two physicians, one of whom testified that he was not a surgeon and had never performed an operation for a displaced kidney, and the other of whom had but just graduated from a medical school and had not commenced the active practice of medicine. These two physicians testified that in such examination, they discovered a hard internal mass in the abdominal region on the right side of appellee, which they believed to be a displaced kidney; and they further testified that such a condition could not be relieved except by a surgical operation. During the trial, a year and a half after the accident, one of these physicians and a surgeon acting for appellant made another examination of appellee and reported that they found no indication at that time of a displaced kidney, the physician testifying that he could not find the kidney at the time and the surgeon testifying that he found the kidney in its normal place and firmly fixed. From this evidence we think it a fair inference that appelle had never suffered a displaced kidney and that the hard mass or lump, found in the side of appellee on the first examination, had passed away or been absorbed. Appellee broke no bones in her fall nor was her skin even fractured. She was confined to her bed for a few weeks and suffered considerable pain for a time after the accident, but the evidence tends to show that appellee has been doing the cooking and light house work for five people since about a month after the accident. Therefore,

while in our judgment the evidence shows that appellee has suffered an injury as the result of negligence on the part of appellant while she was in the exercise of due care for her own safety and that she is entitled to look to appellant for redress therefor, yet we feel obliged to hold that the amount of damages allowed her by the jury is excessive.

This opinion will be lodged with the clerk, and the parties notified thereof, and if, within seven days, appellee shall remit $750, the judgment will be affirmed in the sum of $750 at the costs of appellee. Otherwise the judgment will be reversed and the cause remanded.

Thereafter a *remittitur* being filed on the part of appellee for the sum of $750 the judgment is therefore affirmed in the sum of $750, at the cost of appellee.

*Affirmed.*