THE ECONOMY LIGHT AND POWER COMPANY *et al.*
*v.*
CHARLES HILLER.

*Opinion filed June 16, 1903—Rehearing denied October 7, 1903.*

1. NEGLIGENCE—*if parties are jointly guilty of negligence either or all may be sued.* If several persons are jointly guilty of negligence causing an injury, the injured party may sue any one or all of the parties, but if more than one is sued the negligence must be shown to be joint, and not the distinct act of one.

2. SAME—*one using electricity must use care commensurate with danger.* One using a highly dangerous agent, such as electricity, in a public business, must use care to avoid injury commensurate with the danger to the public.

3. SAME—*what tends to show joint negligence.* Evidence that the insulation of the wires of an electric light company which crossed a telephone company's wires was bad; that the telephone wires were not protected in any way; that a pole for the electric light wires was unfit and was leaning, bringing the two sets of wires to within a few inches of each other, and that they came in contact

during a storm, thereby doing injury, tends to show joint negligence of the companies.

4. Telephone companies—*what not the law as to protection of telephone company*. It is not the law that the only protection for a telephone company from danger of contact with the wires of other companies is to remove its wires from the streets. (*Chicago Telephone Co.* v. *Northwestern Telephone Co.* 199 Ill. 324, explained.)

5. Appeals and errors—*question whether defendant should have discovered danger is one of fact*. Whether the dangerous condition of a telephone wire which had become crossed with an electric light wire during a storm in the night should have been discovered by the telephone company in time to have prevented the injury, which occurred at 8:30 o'clock the next morning, is a question of fact conclusively settled by the judgment of the Appellate Court.

*Economy Light and Power Co.* v. *Hiller*, 106 Ill. App. 306, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. R. W. Hilscher, Judge, presiding.

Garnsey & Knox, for appellants.

J. W. D'Arcy, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

Appellee, a minor, suing by his next friend, recovered a judgment against appellants, the Economy Light and Power Company, a corporation maintaining poles and wires in the streets of the city of Joliet and furnishing electric light and power, and the Chicago Telephone Company, a corporation also maintaining poles and wires in said streets and furnishing telephone service, the recovery being for injuries received by appellee from contact with a broken telephone wire hanging across an electric light wire. The Appellate Court for the Second District affirmed the judgment, and appellants prosecuted separate appeals from the judgment of the Appellate Court.

At the close of the evidence each defendant asked the court to give a peremptory instruction to the jury to find

it not guilty. The court refused to give the instructions. It is contended that both instructions ought to have been given, because the injury to the plaintiff was not the result of the joint negligence of the two defendants. The rule is, that all persons who join in the commission of a wrong are jointly and severally liable, and the injured party may sue all or any of them. The joint liability in such a case is not of the same nature as a joint liability for the breach of a contract, but where two or more are sued, the wrong complained of must be joint in its character. One is never liable for the wrong of another, and if their acts are entirely distinct and separate there cannot be joint liability. (*Yeazel* v. *Alexander*, 58 Ill. 254; *Chicago and Northwestern Railway Co.* v. *Scates*, 90 id. 586; *Chicago City Railway Co.* v. *Rood*, 163 id. 477.) There are some wrongs, like slander, which cannot be joint, but the great majority of torts may be committed jointly, and where different persons owe the same duty, and their acts naturally tend to the same breach of that duty, the wrong may be regarded as joint and both be held liable. We are of the opinion that the injury in this case was the result of the joint negligence of the two defendants. At the corner of Hickory and Division streets, in the city of Joliet, the wires of the defendant the Economy Light and Power Company cross above the wires of defendant the Chicago Telephone Company. The electric current carried by the telephone wire would not be dangerous, under ordinary conditions, if it was not in contact with any other wire, but if the electric light wire should come in contact with the telephone wire, the result would be to impart to it a current of electricity which would be dangerous. While neither one had any direct control or management of the wires of the other company, it was the duty of each to use proper care to protect the public, against the danger of accident from its own wires. Both companies were using electricity, and the current of the Economy Light and Power Company was so powerful as

to be dangerous to human life.   In case of the use of a highly dangerous agent like electricity, the party using it must exercise such a degree of care as is commensurate with the danger, to prevent injury to the public.   (*Alton Railway and Illuminating Co.* v. *Foulds*, 190 Ill. 367.)   The wires of the telephone company were so related to the electric light wires that contact between them would produce dangerous results.   At the place where the wires crossed at Hickory and Division streets, the insulation of the electric light wires was bad, and in many places was entirely off, or ragged, and hanging from the wire. The telephone wires beneath were not protected in any way from receiving the deadly current if the wires came in contact.   The pole on which the electric light wires were suspended was unfit, and not braced as it ought to have been.   There had been a guy wire to keep it erect, which was gone, and on the morning of the accident the pole was leaning over at an angle of forty-five degrees, letting the electric light wire down to within two or three inches of the telephone wire.   There had been a heavy rain storm during the night, and the electric light wires had evidently sagged and come in contact with the telephone wires, with the result that the telephone wire was burned off at some distance from the point of contact and fell across the electric light wires to the ground.   The telephone wires passed through the branches of shade trees and were not insulated, so that the wire was liable to burn out if it touched the trees carrying the current from the electric light wires in wet weather.   It is uncertain how long the pole had been leaning, but it had been unfit before the accident, and no safeguard of any kind had been provided at that place, or where the telephone wires passed through the trees, or where they were above the electric light wires at the place where the telephone wires burned off.   The evidence showed the common duty owing by both of the defendants to the public, resulting from the situation and proximity of the

wires and the use of the dangerous agent by the Economy Light and Power Company. The evidence tended to show a concurrent neglect of the common duty which rested upon both the defendants, and the negligence was joint in its character.

The telephone company also insists that the peremptory instruction asked by it should have been given on account of the want of negligence on its part. Counsel for that company say that it could not repair the wires of the Economy Light and Power Company nor straighten the leaning pole without becoming a trespasser; that it could not enjoin that company from maintaining its poles and wires in a dangerous condition or compel it to make them safe, and that all the telephone company could do to obviate danger would be to remove its wires from the street when it found they were in danger of contact with the electric light wires. They so construe the decision in *Chicago Telephone Co.* v. *Northwestern Telephone Co.* 199 Ill. 324. We find nothing in that decision justifying the conclusion that the telephone company would have to remove from the street and would have no protection from the negligence of the Economy Light and Power Company, or the improper construction and maintenance of its wires, under such circumstances as are shown by the evidence. It was held in that case that a company operating a telephone system was entitled to be free from unreasonable or unnecessary interference, such as would prevent the practical operation of its telephone system. It might require more care on the part of the telephone company if there were electric light wires in the street which were liable to come in contact with its wires and cause injury, and the duty of increased care and caution would not furnish a good reason for enjoining the putting up of electric light wires; but we have not decided that there could be no protection to the property of the telephone company against negligent or improper construction or maintenance of poles or wires

by another company.   There was evidence tending to show that the telephone company would probably know when its wires were burned out or its system interfered with, and after the wire was burned out in the night time and was hanging in the dangerous condition in the public street, nothing was done to repair the damage or remove the danger at 8:30 o'clock the next morning, when the accident occurred.   The court could not say, as a matter of law, that proper inspection and diligence on the part of the telephone company did not require it to discover the dangerous condition and remove the danger to those using the street before that time.   The question whether the company ought to have discovered the condition and made repairs in time to prevent the accident was finally settled by the judgment of the Appellate Court.   There was no error in refusing to give the peremptory instructions asked.

The court, at the request of the plaintiff, gave to the jury the following instruction:

"If the jury believe, from the evidence, that the plaintiff has proved the allegations contained in one or more counts of his declaration by a preponderance of the evidence, and if the jury believe, from the evidence, that the plaintiff was injured as alleged, and if you believe, from the evidence, that the plaintiff, at the time of such injury, was in the exercise of reasonable care for his safety, and if you further believe, from the evidence, that such injury, if proved, was caused by or through the negligence of the defendants, or either of them, as alleged in either count of the declaration, then the plaintiff is entitled to recover such damages as you believe, from the evidence, will compensate him for the injury sustained."

This instruction was correct in saying that if plaintiff proved the allegations of either count of his declaration and was injured by the negligence of the defendants, or either of them, he would be entitled to recover his damages, but it was faulty in not limiting the recovery to the

defendant proved guilty. It did not directly authorize a recovery against both for the negligence of one, and so far as the Chicago Telephone Company is concerned, the court gave two instructions to the effect that unless it appeared, from the evidence, that said company was guilty of the negligence charged in the declaration, or if it appeared that the accident occurred by reason of the act or neglect of some other party or company, they should find it not guilty. The court also gave to the jury certain forms for their verdict in case they should find one of the defendants guilty and the other not guilty, so that we think the jury could not have been misled, and that the other instructions read with the defective one as one charge supplemented it and supplied the defect as to the Chicago Telephone Company. So far as the Economy Light and Power Company is concerned, there could have been no other conclusion from the evidence than that which was reached by the jury, and we cannot regard the instruction as harmful to that company in view of the evidence. The pole was not supported, and was in a condition wholly unfit for sustaining the electric light wires before and at the time of the injury. The insulation of the wires was very bad, and was hanging in rags at that place and other places in the immediate vicinity, as well as over the city generally. That the Economy Light and Power Company was guilty of negligence causing the injury is beyond question.

An instruction that the questions of negligence on the part of the defendants and care on the part of the plaintiff were questions of fact for the jury is objected to. The instruction further explained to the jury that it was their duty and province to determine those questions of fact under the law and evidence in the case, and the was no error in giving that instruction.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*