NEW ENGLAND TELEPHONE & TELEGRAPH CO. v. MOORE.

(Circuit Court of Appeals, First Circuit. May 26, 1910.)

No. 856.

ELECTRICITY (§ 16*)—OBSTRUCTION—INJURIES INCIDENT TO USE.

The foreman in charge of the poles and wires of an electric light company, in undertaking to remove a broken wire which hung from a pole of a telephone company against an electric light pole in such position as to interfere with the climbing of such pole by his workmen, was not a volunteer, interfering with the property of the telephone company, but was acting within his duty to his employer to remove an obstruction to its own property, and was not required to first notify the telephone company to remove the wire; and the latter company is liable for its negligence in permitting the broken wire to remain in such position as to become dangerously charged with electricity by contact with a light wire, which caused the death of the foreman when he took hold of it.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 9; Dec. Dig. § 16.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by Cecelia V. Moore, administratrix, against the New England Telephone & Telegraph Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Henry W. Dunn (Powers & Hall and Pitt F. Drew, on the brief), for plaintiff in error.

William A. Pew, Jr., for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. The defendant in error, hereinafter called the plaintiff, sued the plaintiff in error, hereinafter called the defendant, under St. Mass. 1907, c. 375. There was evidence to show that Marston, the plaintiff's intestate, was killed under the following circumstances: He was the foreman in charge of the construction and maintenance of the poles and wires of the Beverly Gas & Electric Company. A pole carrying the wires of this company "stood within half an inch of" a pole which carried the defendant's wires. There was evidence tending to show that a telephone wire of the defendant, out of use and having a loose end, was hanging from the latter pole "within a few inches of the electric light pole; that there was a bend in the lower end of the wire, and that this bend rested against the electric company's pole, the extreme end of the wire pointing slightly away from the pole and being about six inches away from it; that this wire was in such a position as to interfere with an employé of the electric light company going up on the northwestern side of the electric light pole; that it might hit him in the face or hook into his clothes. The telephone pole was on the north side of the electric company's pole." This wire became crossed with an electric light wire, and was alive with a dangerous current. Marston and his lineman had finished some work on the electric light pole. The lineman had descended without touching the telephone wire. Marston said:

"I guess I will fix that wire before it biffs somebody in the eye." He mounted the pole, took hold of the telephone wire, and was immediately killed. The defendant asked the court to direct a verdict in its favor. The court refused, and the jury found a verdict for the plaintiff under instructions not otherwise objected to. The defendant then brought the case here by writ of error.

"It is stipulated that the only ground relied on in support of this exception is the contention that, as shown by the plaintiff's evidence, Marston was undertaking, at the time of the accident, without invitation or authority, or other legal justification, to interfere with the defendant company's wire, and that in the absence of willful or wanton misconduct on the part of the defendant, its duty of care to keep its wires in safe condition did not extend to a person interfering with them under the circumstances disclosed by the evidence. All other exceptions taken by the defendant are waived."

The defendant admits that the verdict of the jury must stand, if it owed to Marston any duty other than that owed to a volunteer, the duty of refraining from willful or wanton damage. The defendant contends that Marston took hold of the defendant's wire at his own peril. But Marston was not volunteering to remove a dangerous obstruction from the defendant's pole or from the highway at large, however benevolent such an attempt might have been. He was seeking to remove an obstruction from the property and electric system of his own employer. This was his duty. The defendant cannot be permitted to drop a live and broken wire upon a neighboring electric light pole, and then treat as a mere volunteer the electric light company's foreman, who removes the wire in order to make safe the place where his subordinates must work. The defendant urges that Marston should have called the telephone company to remove the wire, and it relies particularly upon Sias v. Lowell Street Railway Co., 179 Mass. 343, 60 N. E. 974. But there the poles in question were the property of the defendant street railway company. The telephone company, the plaintiff's employer, had no right in these poles, except under an agreement with the street railway which permitted their use for the purpose of conveying telephone wires. In order to protect these wires, the plaintiff proceeded to set up and tighten the street railway's guard wires. The court held that the telephone company was not authorized to do this by the terms of the contract, and hence that its agent was a mere volunteer. In the case at bar the relations of the two companies did not depend upon a contract, and Marston's right and duty to clear his employer's property from obstruction depended upon the common law. We need not hold that Marston would have been authorized by the defendant's trespass to make serious repairs upon its electric system; for those he might possibly have been required to apply to the defendant. The defendant here admits a right to remove an obstruction in case of emergency, and our decision turns somewhat upon a comparison between the interference with the property of the electric light company caused by the obstruction and the interference with the defendant's property caused by its removal. Had Marston followed the course which the defendant now suggests, and had he sent in haste for the defendant's mechanics to remove the offending wire, they would probably have asked him with some heat

why he was so unneighborly as to give them needless trouble, and why he did not remove it himself.

The foreman of an electric light company, who finds his employer's property made unsafe or inconvenient by a dangling bit of wire resting upon it, is not required, first, to discover the ownership of the offending wire, and, second, either by legal proceedings or even by preliminary notice, to require that owner when discovered to remove his property. We are of opinion that the court below was right, and the defendant's exceptions must be overruled.

The judgment of the Circuit Court is affirmed, with interest; and the defendant in error recovers her costs of appeal.