(79 South. 245)

NEW YORK LIFE INS. CO. v. REESE.
(3 Div. 331.)

(Supreme Court of Alabama. April 18, 1918. Rehearing Denied June 20, 1918.)

1. INSURANCE ☞173 — TONTINE POLICY — AMOUNT OF RECOVERY.

Where holder of tontine policy, the accumulation period of which expired on November 16th, and which called for payment of death benefit if he died before such date, died at 4 a. m. on such date, his estate could recover only the cash surrender value, which he had elected, on October 27th, to receive, and which would have been payable on November 16th, and not the death benefit.

On Rehearing.

2. COSTS ☞260(1)—APPEAL—PENALTY.

Code 1907, § 2893, requiring allowance of 10 per cent. damages on appeals from judgments for money if ·the judgment is affirmed, does not apply to appeals in which the judgment is either reversed and rendered, or is substantially corrected in amount, and, as corrected, affirmed.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by J. D. Reese, as administrator of the estate of C. E. Reese, against the New York Life Insurance Company, to recover on a policy of insurance. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

The policy was issued November 16, 1896, and by its terms the insurance company agreed to pay $2,000 to beneficiaries immediately upon receipt and approval of proofs of the death of insured. And the company further agrees to pay in addition thereto an amount equal to one-half of the total premiums received if the death of insured shall occur before November 16, 1916. The accumulation guaranty is: This policy "participates in surplus as hereinbefore provided, but no dividend shall be apportioned to it before the end of the accumulation period, and it is declared that the accumulation period of this policy ends on November 16, 1916." Then follows the provision that if the insured is living, and if the premiums have been fully paid to that date, and not otherwise, the company will then apportion as dividends to the insured, who shall have the option of continuing or discontinuing this policy under one of the following six accumulation benefits: 1, 2, 3, 4, and 5, received the entire cash value as stated below in cash, and discontinued this policy—or 6.

Defendant filed pleas setting up the special provision of the policy, and alleging that the insured elected on October 27, 1916, to take the benefit under option No. 5 as above set out; that the company then sent insured a written statement on November 16, 1916, showing that the cash surrender value for November 16, 1916, would be $1,484.74, less $922, the amount of a loan on the policy, and forwarded a check for the balance due, to be delivered to insured on that date by its Montgomery agents, of which the insured was notified by letter, dated November 6, 1916; that insured died at 4 o'clock a. m., November 16, 1916, and that defendant offered to pay plaintiff the said sum of $562.74, which he refused to accept.

Demurrers were sustained to these pleas, but the facts therein averred were fully established by an agreed statement, and the trial was on the general issue by the court without a jury. The court held plaintiff was entitled to recover the full face of the policy, plus the amount of the tontine dividends, less the amount of the outstanding loan, making, with interest, a balance of $1,578.84.

Steiner, Crum & Weil, of Montgomery, for appellant. John R. Tyson, of Montgomery, for appellee.

SOMERVILLE, J. The sole question ·in this case is whether plaintiff is entitled to recover an amount equal to the face of the policy and one-half of the premiums paid, as for the death of the insured within the specified term of insurance, or whether he can recover only the amount of the cash surrender value of the policy, as for the optional benefit chosen by the insured just before his death, and payable to him on November 16, 1916, if he was living on that date.

The policy is in the form of what is known as tontine insurance, and by its express terms the death benefits here claimed are payable only if the death of the insured shall occur before the 16th day of November, 1916, or if, at the end of the tontine or accumulation period, the policy has been continued in force by ·the insured's election of one of the first three options provided. Otherwise, his benefits are limited to options 4, 5, or 6, as he may have elected. On October 27, 1916, the

insured elected to discontinue the policy and receive the cash benefits provided under the fifth option, and was duly notified that the amount due thereunder would be paid to him on November 16th. He died at 4 o'clock a. m. on the day designated, of course without having received the payment due.

[1] We think that a fair interpretation of all the provisions of the policy leads to the clear conclusion that the original insurance period, and, with it, the tontine period, expired on the first moment of November 16, 1916, and that the death of the insured occurred after the elected benefit had become operative in lieu of the death benefit which was limited to the tontine period. It results that the judgment of the trial court was erroneous, and must be reversed. Let a judgment be here entered for plaintiff for $562.74, with interest from November 16, 1916.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.

On Rehearing.

PER CURIAM. [2] The court is of the opinion that section 2893 of the Code, requiring the allowance of 10 per cent. damages on appeals from judgments and decrees for money, "if the Supreme Court affirms the judgment of the court below," does not apply to appeals in which the judgment is either reversed and rendered, or is substantially corrected as to its amount, and, as corrected, affirmed. The difference is one of form only, so far as this question is concerned. To correct and affirm in the instant case, as proposed by counsel, instead of reversing and rendering, would therefore be a useless ceremony.

Rehearing denied. All the Justices concur.