(87 South. 205)

## MONTGOMERY LIGHT & WATER POWER CO. v. THOMBS. (3 Div. 429.)

(Supreme Court of Alabama. June 30, 1920.
Rehearing Denied Nov. 6, 1920. Addenda,
Nov. 15, 1920.)

**1. Negligence ⊙➡110—Complaint must show duty.**

A complaint, as a predicate for a general averment of negligence, must show by affirmative averments a state of facts which, as a matter of law, imposes on defendant a duty toward the party injured.

**2. Negligence ⊙➡111(1) — General averment sufficient.**

Where the complaint shows facts which as a matter of law imposed on defendant a duty toward the party injured, a general averment of negligence is sufficient to show a breach of the duty.

**3. Pleading ⊙➡34(4)—Pleadings demurred to construed most strongly against pleader.**

Pleadings tested by demurrer are construed most strongly against the pleader, and must be certain and unambiguous and exclude all intendments which, if true, would render the averments inoperative.

**4. Electricity ⊙➡19(2)—Count for permitting power wires to charge house wire held sufficient.**

A count alleging that defendant, in connection with its electric power business, used a wire along a public street which was heavily charged with electricity, and that it negligently permitted electricity therefrom to be transmitted to a wire leading into the home of plaintiff's intestate, as a proximate result whereof an electric light fixture became heavily charged and killed intestate, is sufficient.

**5. Appeal and error ⊙➡1048(5)—Unanswered question is not prejudicial.**

Error, if any, in overruling an objection to a question was without injury where the question was not answered by the witness.

**6. Trial ⊙➡267(1)—Court's remarks in explaining charge that jury must all agree not error.**

Remarks by the court, in giving a charge not to find for the plaintiff if any individual juror was not reasonably satisfied he ought to recover, that the charge meant the jury must all agree, was not a modification of the charge, but merely explanatory of its meaning, and not error.

**7. Electricity ⊙➡19(6)—Evidence held to take issue of negligence to jury.**

In an action for death occasioned by a highly charged electric light fixture, the wire to which had come in contact with defendant's company's power wire, evidence *held* sufficient to justify refusal of general charges to the defendant.

**8. Electricity ⊙➡17 — Power company must safeguard public against injury.**

An electric power company must safeguard the public against dangers from its use of electricity, whether such dangers arose from its

own negligence, the negligence of others, or from causes over which it had no control, so that charges for defendant if the jury found negligence by another company were properly refused.

**9. Electricity ⊙➡16(4) — Trial ⊙➡194(16)—Instruction that another should have sued held invasion of jury's province.**

If necessary to obviate and remove a dangerous condition, an electric power company has the right and duty to move the wire of an electric light company which was apt to come' in contact with the power wire, so that a charge requested by the power company that plaintiff should have sued the light company was properly refused as an invasion of the province of the jury.

**10. Trial ⊙➡261—Charge referring to approximate cause properly refused.**

In an action for negligently causing the death of plaintiff's intestate, a charge requested by defendant which used the word "approximate" in lieu of "proximate" was properly refused.

**11. Trial ⊙➡253(9)—Charge ignoring issue of concurrent negligence properly refused.**

Where there was evidence tending to show that the negligence of an electric power company and of an electric light company concurred in proximately causing the death of plaintiff's intestate, a charge requested by defendant denying recovery as the jury found the negligence of the light company was the proximate cause of the death was properly refused for ignoring the issue of concurrent negligence.

**12. Trial ⊙➡248 — Charge on electric company's duty held abstract.**

A charge that defendant owed no duty to plaintiff's intestate to inspect its wires to correct a dangerous condition existing without its negligence was properly refused as abstract in an action against the power company for death resulting from contact between its wires and the wires of the electric company.

**13. Trial ⊙➡233(1) — Charge that right to sue another was not in issue held correct.**

In an action against a power company for the death of plaintiff's intestate caused by an electric light wire which had come in contact with the power wire, the court properly charged the jury that the question whether the electric light company could be sued after judgment in that case was not an issue.

**14. Trial ⊙➡133(6)—Court's action held to cure objectionable argument.**

In an action against a power company, the argument of plaintiff's counsel urging a large verdict against defendant to compel it to put its wires under ground was cured by the court excluding it from the jury and instructing them not to consider it, so that a motion for new trial based on that argument was properly denied.

**15. Electricity ⊙➡19(2)—Count for death from wire in contact with defendant's wire held sufficient.**

A count charging that a power company negligently permitted a wire charged with dan-

gerous current to come in contact with a light company's wire leading into the home of plaintiff's intestate, and thereby caused a fixture in the home to be charged with a dangerous current which killed intestate, is sufficient.

On Rehearing.

**16. Death** ⊙⟺99(4) — **Verdict of $25,000 for death reduced to $15,000.**

A verdict for $25,000 for the death of plaintiff's husband *held* excessive and to require reversal unless the plaintiff remitted $10,000.

Addenda.

**17. Costs** ⊙⟺260(5) — **Statutory penalty not added on reduction of damages.**

· The statutory penalty of 10 per cent. damages provided by Code 1907. § 2893, in case of affirmance on appeal with supersedeas, will not be added where the judgment was an affirmance in form only, so rendered because the plaintiff had remitted the amount of the original judgment found to be excessive by the Supreme Court.

**18. Appeal and error** ⊙⟺1205—**Interest allowed on proper judgment after remittitur.**

Where the plaintiffs, as ordered by the Supreme Court, entered a remittitur to prevent reversal under Acts 1911, p. 587, as amended by Acts 1915, p. 610, which provides that the judgment entered by the Supreme Court shall remain the judgment of the lower court, the plaintiff is entitled to interest on the remaining amount of the judgment.

Anderson, C. J., and Brown and McClellan, JJ., dissent from paragraph 16.

Gardner and Sayre, JJ., dissent from paragraph 15.

Brown and Thomas, JJ., dissent from paragraph 17.

Appeal from Circuit Court, Montgomery County; W. L. Martin, Judge.

Action by Jessie Boggs Thombs, as administrator, against the Montgomery Light & Water Power Company for damages for the death of her intestate. Judgment for the plaintiff, and defendant appeals. Affirmed on condition that plaintiff enter a remittitur reducing the judgment from $25,000 to $15,000.

The second count of the complaint, to which demurrers were interposed and overruled, is in the following words:

"Plaintiff, as administratrix of the estate of John A. Thombs, deceased, claims of the defendant the sum of $50,000 as damages for that on. to wit, the 1st day of September, 1918, in the county of Montgomery and state of Alabama, the defendant negligently permitted one of its light wires that was charged with an electric current, dangerous to human life, to come in contact with one of the Montgomery Light & Traction Company's wires that was connected with a wire or fixture in plaintiff's intestate's home, and thereby caused said wire or fixture in the home of plaintiff's intestate to be charged with an electric current danger-

ous to human life. And plaintiff avers that at said time and place her intestate came in contact with said wire or fixture in his said home, and was killed by said current of electricity, all to plaintiff's damage as such administratrix as aforesaid; hence this suit."

The demurrers take the following points: (8) No facts are alleged in said count to show that the plaintiff's intestate's injuries were the proximate result of any breach of duty or negligence on the part of the defendant; (14) the allegation that the defendant negligently permitted one of its wires to come in contact with the Light & Traction Company's wires, etc., is merely the conclusion of the pleader, as no facts are alleged in support thereof; and (15) no facts are alleged in said count to show that this defendant was under any duty not to permit its said wire or wires to come in contact with the traction company's wires, or the wires that lead into plaintiff's intestate's home.

Count 1 is as follows:

"Plaintiff. as administratrix of the estate of John A. Thombs, deceased, claims of the defendant $50,000 as damages for that she avers that the defendant was on, to wit, September 1, 1918, in the city and county of Montgomery, state of Alabama, engaged in the business of operating an electric light company, and in connection with its said business used a wire which ran along, upon, or in a public street of said city, and which wire was then and there heavily charged with electricity.

"Plaintiff further avers that her said intestate's home then was the said city, and a wire extended into said home and was connected up with electric light fixtures in said home; and plaintiff further avers that the defendant so negligently conducted its said business that by reason thereof and as the proximate result and consequence thereof, on, to wit, said day and date, in said city, county, and state, the said electricity from the wire used by the defendant as aforesaid was in said public street communicated, carried, or transmitted to the wire that extended or ran into said intestate's home as aforesaid, and thereby and as the proximate result thereof one of said electric light fixtures was heavily charged with said electricity, and was made dangerous to life, and plaintiff further avers that her said intestate in said home on, to wit, said day and date, touched or came in contact with said fixture while the same was dangerous as aforesaid, and by reason thereof and as the proximate result and consequence thereof he was killed, to her damage as such administratrix as aforesaid; hence this suit."

The following are the charges given at the instance of the defendant:

"(6) Negligence means the doing of an act which a reasonably prudent person would not under the same circumstances have done, or omitting to do what a reasonably prudent person under the same circumstances would have done, and, unless you are reasonably satisfied

from the evidence that the defendant in this cause is guilty of negligence under the definition which I have given you, and that its negligence was the proximate cause of the death of plaintiff's intestate, then you should return a verdict in favor of the defendant.

"(7) The burden of proof in this case is upon the plaintiff to reasonably satisfy you from the evidence that the defendant has been guilty of negligence proximately resulting in the death of her intestate, and, unless you are so reasonably satisfied from the evidence in the case, you should return a verdict for the defendant."

The court gave charge 4 for the defendant as follows:

"If after a full and fair consideration of all the evidence in this case any individual juror is not reasonably satisfied that the plaintiff ought to recover, you cannot return a verdict for the plaintiff"

—and made the following explanation:

"Which means, gentlemen, you must all agree on something. If one of you come to a certain conclusion, if one of you is not reasonably satisfied that plaintiff ought to recover, then, of course, plaintiff cannot recover."

Assignment of error 3 is that the court erred in overruling appellant's objection to appellee's question to the witness O'Toole as follows:

"About a year before that time did they have any trouble out there on that corner?"

Assignment 4 is that the court erred in overruling appellant's motion to exclude the answer to the question.

The following charges were refused to the defendant: (1) The general affirmative charge; (2) affirmative charge as to first count; (3) affirmative charge as to second count. The following charges were refused to the defendant:

"(8) If you are reasonably satisfied from the evidence that the defendant's construction and occupancy of its lines at the locality where the accident occurred was prior in point of time to that of the Montgomery Light & Traction Company, and that subsequently the Montgomery Light & Traction Company constructed its wire or wires in dangerous proximity to the wires of the defendant company, then I charge you that there was no duty upon the defendant to do anything with respect to the situation unless it had actual notice or knowledge of the existence of such dangerous condition of the wire.

"(9) I charge you under the law and evidence of this case there was no duty owing by this defendant to the plaintiff's intestate to rectify or correct any dangerous condition of the wires created by the Montgomery Light & Traction Company.

"(10) I charge you under the law and evidence of this case there was no duty owing by this defendant to the plaintiff's intestate to rectify or correct any dangerous condition of the wires created by the Montgomery Light & Traction Company, unless this defendant had actual notice or knowledge of the said dangerous condition.

"(11) I charge you that there was no duty owing by this defendant to the plaintiff's intestate, Mr. Thombs, to inspect its lines for the purpose of finding and correcting any dangerous condition that may have been created thereon by the Montgomery Light & Traction Company."

"(15) The fact, if it be a fact, that you are reasonably satisfied from the evidence in this case that the construction and maintenance of the defendant's wires at the point of the accident were in a good or reasonably safe condition, and that subsequently the Montgomery Light & Traction Company, by subsequently erecting and maintaining their wires in the manner testified to in this cause, thereby created a dangerous condition for plaintiff's intestate, then I charge you that, so far as the plaintiff's intestate was concerned, this defendant owed him no duty to ascertain and correct the said dangerous condition; and, if you believe from the evidence in this case that his death was the proximate result of that dangerous condition so caused by the Montgomery Light & Traction Company, then I charge you that the plaintiff cannot recover, and the verdict should be for the defendant."

"(12) If you are reasonably satisfied from the evidence that the negligence of the Montgomery Light & Traction Company in the construction of its service wires or wire from its pole in the locality of the accident to the Davis house was the approximate cause of the death of the plaintiff's intestate, then the plaintiff is not entitled to recover against the defendant in this case, and in that event you should return a verdict for the defendant."

"(B) I charge you that defendant was under no duty to Mr. Thombs to inspect its wires to discover and correct any dangerous condition created or existing without its negligence."

"(E) I charge you, gentlemen of the jury, that the plaintiff should have sued and can now sue the traction company if she be so advised. The suing of the defendant does not prohibit a suit against the traction company."

In his opening argument Mr. Seibels said:

"The people of Montgomery have been clamoring for a long time to have all these wires put under ground, and the defendant company should be penalized by the jury, because in his opinion it would be the best thing for the citizens of Montgomery and thereby force the defendant and other companies in Montgomery to put those high-powered dangerous wires under ground, because the defendant company had rather do this than to stand enormous verdicts."

Upon objection thereto the court said:

"Gentlemen, that part of Mr. Seibels' argument asking you to penalize the defendant with an order to compel it to put its wires under ground is excluded from you. The location of wires under ground is a legislative matter with which you have nothing to do, and you will not consider at all what Mr. Seibels said on that point."

Steiner, Crum & Weil, of Montgomery, for appellant.

Count fails to aver any duty, or relationship from duty, springs from defendant to plaintiff's intestate, and count 1 cannot be looked to in aid thereof. 108 Ala. 95, 18 South. 600: 137 Ala. 491, 34 South. 562; 24 Ala. 176. It was therefore subject to demurrer. 183 Ala. 387, 62 South. 816; 164 Ala. 203, 51 South. 316; 168 Ala. 612, 53 South. 76; 171 Ala. 251, 55 South. 170; 93 Ala. 24, 9 South. 458. The count shows on its face that the injury was due to concurrent causes, either of which might be the proximate one. 196 Ala. 52, 71 South. 685; 198 Ala. 528, 73 South. 907. The words of the court excluding the argument of Mr. Seibels are not sufficient to eradicate the error. 104 Ala. 471, 16 South. 538; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 199 Ala. 411, 74 South. 455; 199 Ala. 536, 74 South. 469; (Miss.) 84 South. 255. The verdict was excessive. 139 Ala. 217, 35 South. 698; 163 Ala. 170, 50 South. 975; 97 Ala. 294, 11 South. 800; 159 Ala. 310, 49 South. 310. Counsel discuss other assignments of error, but base the same on the authorities above cited.

Hill, Hill, Whiting & Thomas and W. T. Seibels, all of Montgomery, for appellee.

The verdict was not excessive. 199 Ala. 571, 75 South. 160; 74 South. 394; 164 Ala. 155, 51 South. 306, 20 Ann. Cas. 877; 199 Ala. 571, 75 South. 160; 14 Ala. App. 320, 70 South. 198; 200 Ala. 692, 77 South. 235; 163 Ala. 170, 50 South. 975; 175 Ala. 62, 56 South. 574; 200 Ala. 692, 77 South. 235.

BROWN, J. [1, 2] In stating a cause of action in negligence cases under our system of pleading, as a predicate for a general averment of negligence and to withstand appropriate demurrers, it is essential that the complaint show by affirmative averments a condition or state of facts which as a matter of law imposes on the defendant a duty toward the party injured. B. R., L. & P. Co. v. Cochrun, 179 Ala. 372, 60 South. 304; W. Ry. Co. of A. v. Madison, 16 Ala. App. 588, 80 South. 162; Kilgore v. B. R., L. & P. Co., 200 Ala. 238, 75 South. 996. When this is shown, a general averment of negligence is sufficient as showing a breach of the duty. Doullut & Williams v. Hoffman, ante, p. 33, 86 South. 73, and authorities there cited.

[3] When the averments of the pleadings are tested by demurrer, they are construed most strongly against the pleader, and must be certain, precise, and such as are necessary to avoid all ambiguity of meaning and exclude all intendments. "If we allow the averments to be true, but at the same time a case may be supposed consistent with it, which would render the averment inoperative," such case will be presumed or intended unless excluded by particular averment. Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 South. 95; W. Ry. Co. of A. v. Madison, supra.

Unlike the complaint in B. R., L. & P. Co. v. Cochrun, supra, there is in the second count of the complaint in this case an absence of averment that the defendant's "light wire that was charged with an electric current dangerous to human life" was so charged by the defendant, or that the defendant was at the time of the injury complained of using such light wire for the conveyance or transmission of an electric current. Non constat, the wire was being used, and was charged by some one else in no way connected with the defendant and for whose conduct the defendant was in no way responsible. This count was subject to the further objection that it does not aver that the alleged negligence on the part of the defendant proximately caused the injury to plaintiff's intestate. These defects render the count subject to the demurrers which were erroneously overruled. Clinton Mining Co. v. Loveless, 85 South. 289; [1] Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 South. 685; South. Ry. Co. v. Crawford, 164 Ala. 178, 51 South. 340; 10 Encyc. Dig. pp. 574, 575, §§ 24, 26, and authorities there cited.

[4] The first count of the complaint was not subject to the objections pointed out by the demurrers, and as to this count the demurrers were properly overruled, the first count being sufficient to present the material issues in the case, and the evidence showing without dispute that the defendant was at the time of the injury to plaintiff's intestate, in fact, using its wires in connection with its business to convey a current of electricity that was death-dealing in its character, and which the evidence tends to show, through the negligence of defendant, came in contact with the "tap" wires of the traction company leading into and supplying the Thombs home with electricity for lighting purposes. Applying the very broad doctrine announced in Birmingham South. Co. v. Goodwyn, 202 Ala. 599, 81 South. 341, it might be held that the failure of the count to aver such use was innocuous, and that the ruling of the court on the demurrer in this respect was error without injury. But as to the other defect—the omission of averment that the defendant's negligence proximately caused the injury—the doctrine of error without injury cannot be applied, for the reasons now to be stated. There was evidence tending to show that both the defendant and the traction company were guilty of negligence, the traction company in placing its "tap" wires above the heavily charged wires of the defendant, near a point where the wires of the defendant passed through

[1] Ante, p. 77.

a vigorously growing and heavily foliaged shade tree, and in such proximity to defendant's wires as that said "tap" wires were liable to sag and come in contact with defendant's wires, or by the defendant's wires being pushed up against said "tap" wires as a result of the natural growth of said tree, and in so maintaining said "tap" wires without proper inspection or safeguards to prevent contact, and the defendant in failing to inspect its said lines and keep said tree so trimmed, or use such other safeguards as might be necessáry to prevent its wires from being pushed up against the wires of the traction company, or from being whipped against such "tap" wires by the vibration or swaying of the branches of said tree by the winds. The evidence further tends to show that the defendant's wires and the wires of the traction company were, through one or the other of the several causes above stated, brought in contact, and that the deadly current from the defendant's wires passed over the "tap" wires of the traction company into the home of plaintiff's intestate; that he came in contact with said current, and that this was the cause of his death.

It is an essential element of plaintiff's cause of action, and the burden was upon plaintiff to show that the defendant was guilty of negligence, and that such negligence, in and of itself, or concurring with the negligence of the traction company, proximately caused the death of plaintiff's intestate. Clinton Mining Co. v. Loveless, supra; Garrett v. L. & N. R. R. Co., supra; W. Ry. Co. of A. v. Sistrunk, 85 Ala. 352, 5 South. 79; Home Tel. Co. v. Fields, 150 Ala. 306, 43 South. 711.

One of the litigated facts in this case, and which under the evidence it was the province of the jury to determine, was whether the death of the plaintiff's intestate was the proximate consequence of the negligence of the defendant standing alone or concurring with that of the traction company, or whether the negligence of the traction company was the sole proximate cause of his death. The oral charge of the court made no reference whatever to the doctrine of proximate cause, and the only reference thereto is found in charges 6 and 7 given at the instance of the defendant. These charges do not attempt to define the doctrine, and the jury were left wholly to their own resources, without appropriate instructions from the court, in determining what constituted proximate cause and in applying it to the evidence in the case.

While Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929, and Birmingham South. R. R. Co. v. Goodwyn, 202 Ala. 599, 81 South. 341, may seem to support the view that this ruling was error without injury, yet we are not willing to extend the doctrine of error with-

out injury to cases where there is an entire omission to plead an essential element of the cause of action, and the point is taken by an appropriate ground of demurrer.

[5] The question to O'Toole made the basis of assignment of error 3 was not answered by the witness, and the objection thereto was, if error, without injury. There being no answer to this question, assignment of error 4 cannot be sustained.

[6] The remarks of the court to the jury as to charge 4, given at the request of the defendant, to the effect that before the jury could render a verdict they must all agree on the verdict, was in no sense a modification of the charge, but was merely explanatory of its meaning, and did not constitute error. Eiland v. State, 52 Ala. 322; St. L. & S. F. R. Co. v. Hall, 186 Ala. 353, 65 South. 33.

[7] The tendencies of the evidence, as heretofore stated, justified the refusal of charges 1, 2 and 3 refused to defendant.

[8, 9] The defendant was under the duty of safeguarding the public against dangers arising from the use of its dangerous agency, electricity, whether the danger arose from its negligence, the negligence of others, or from causes over which it had no control, to the extent of exercising reasonable care to correct or remove the cause of danger, and the duty under the circumstances here disclosed required reasonable care in the inspection of its lines. Curtis Law of Electricity, § 499, and authorities supra. Charges 8, 9, 10, 11, and 15 were therefore properly refused. And, if necessary to obviate and remove a dangerous condition, it was defendant's right and duty to move the wire of the traction company. Curtis, Law of Electricity, § 499; New Eng. Tel. & Tel. Co. v. Moore, 179 Fed. 364, 102 C. C. A. 642, 31 L. R. A. (N. S.) 617; Economy L. & P. Co. v. Hiller, 203 Ill. 518, 68 N. E. 72. Charge E was therefore an invasion of the province of the jury, and was properly refused.

[10, 11] Charge 12 was properly refused for the use of the word "approximate" in lieu of "proximate." Moreover, as we have stated, there was evidence tending to show that the negligence of the traction company and the defendant concurred in proximately causing the death of plaintiff's intestate, and this charge ignores this phase of the evidence.

[12] Charge B was abstract, and it was not error to refuse it.

The modification of the oral charge by the trial court, on exceptions being reserved to specific portions thereof, rendered innocuous the erroneous and misleading tendencies of the charge.

[13] The court properly instructed the jury that the question as to whether the traction company could be sued after judgment in this case was not an issue in this case.

[14] The court sustained the defendant's

objection to the argument of W. T. Seibels, counsel for the plaintiff, and affirmatively excluded it from the jury and instructed the jury not to consider it. We hold that this instruction was sufficient to remove any prejudicial effect arising therefrom. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543.

As to the argument of Mr. Hill, attorney for plaintiff, the record fails to disclose any objection or exception to same, and we are not prepared to say that the trial court erred in overruling the motion for a new trial upon this ground.

This suit was brought under the homicide statute, and the amount of damages was peculiarly within the province of the jury, and we are not prepared to say that it is so excessive as to indicate that the jurors were actuated by passions or prejudiced in the amount awarded.

[15] ANDERSON, C. J., concurs with the writer in holding that the demurrer should have been sustained to count 2 of the complaint. McCLELLAN, J., holds that the overruling of the demurrer to said count 2 was error, but thinks that it was error without injury in view of the fact that the first count was sufficient to present all the issues, and the evidence was without dispute that the defendant was using its wires in the conveyance of a deadly current of electricity. SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., constituting a majority, hold that the second count was not subject to the demurrers, and that they were properly overruled.

SAYRE and GARDNER, JJ., think that the trial court erred in not granting a new trial because of the improper argument of counsel. ANDERSON, C. J., and McCLELLAN, SOMERVILLE, THOMAS, and BROWN, JJ., are of the opinion that the trial court was not in error in this respect.

The result is that a majority of the court do not concur as to reversible error in any one of the points assigned and argued, and it must result in an affirmance of the cause. Cook v. Drew, 3 Stew. & P. 392; 3 Cyc. note 89, p. 405; Shollenberger v. Brinton, 52 Pa. 9–100; Browning v. State, 33 Miss. 47. ·

The judgment of the circuit court will therefore be affirmed.

Affirmed.

All the Justices concur in affirmance.

ANDERSON, C. J., and BROWN, J., dissent in part.

GARDNER and SAYRE, JJ., dissent in part.

On Rehearing.

[16] ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and GARDNER, JJ., constituting a majority, hold that the damages awarded by the jury were excessive, and the rehearing will be granted, the judgment of affirmance set aside, and the judgment of the circuit court reversed unless the appellee within 15 days from this date files with the clerk of this court, under the statutes, a remittitur of all damages recovered in excess of the sum of $15,000.

THOMAS and BROWN, JJ., are of the opinion that the damages awarded by the jury under the facts of the case are not so excessive as to indicate passion or prejudice on the part of the jury, and that the court should not interfere with the verdict for this reason, and therefore dissent.

Application granted. Judgment of affirmance set aside, and reversed and remanded conditionally.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and GARDNER, JJ., concur.

BROWN, J. (dissenting). This action is brought under section 2486 of the Code of 1907, which provides that—

"A personal representative may maintain an action, and recover such damages as the jury may assess, for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused."

It has been repeatedly held that the damages recoverable under this statute are in no sense compensatory, but are purely punitive, and the right of action is given and the damages awarded to accomplish the purpose of the statute "to prevent homicides." The right of action is conferred by statute on personal representatives, and hence, if such personal representative is entitled to maintain the action at all, he is entitled to recover as of right such punitive damages "as the jury may assess." That it was the legislative purpose to give the jury, in such cases, "an unbridled discretion" in assessing damages, is manifest by the wording of the statute, as well as the state of the law immediately preceding its enactment. By Code of 1852, § 1939 (Code 1867, § 2298), damages in such cases were limited to "three years' income of the deceased, and in no case to exceed $3,000." This limitation as to the amount of damages recoverable, no doubt, in the judgment of the Legislature, so hampered the statute as to render it ineffectual in the prevention of homicides by wrongful act or negligence, and hence the act of 1872. Acts 1871–72, p. 83. This statute was brought forward in the Code of 1876 as section 2641 without change, and authorized the recovery of such "sum as the jury deemed just," and the only change in the language of the statute in succeeding Codes was to make it read "such damages as

the jury may assess." Code 1886, § 2589; Code 1896, § 27; Code 1907, § 2486.

The damages being purely punitive and recoverable as of right under the statute, the reasoning in Coleman v. Pepper, 159 Ala. 310, 49 South. 310 (an action for damages for trespass on land), followed and applied in Cox v. B. R., L. & P. Co., 163 Ala. 170, 50 South. 975, is not applicable to actions under the statute, and was, in the opinion of the writer, improperly and erroneously applied in the Cox Case. To authorize this court to interfere with the verdict of a jury in such cases, it must appear that the amount of the recovery was superinduced either by some erroneous ruling of the trial court, or by passion or prejudice on the part of the jury against the appellant. This appearing on the record, it is not within the province of this court to say what damages an unbiased jury would have awarded; and the only logical result is to award the appellant a new trial and let the case be submitted to an unbiased jury. But where, as here, the court holds that the verdict was not influenced by passion or prejudice or error of the trial court in instructing the jury, or otherwise, this court, in the opinion of the writer, has no more authority to reduce the damages awarded as a punishment for the wrongful act causing the death of plaintiff's intestate than it has to reduce the punishment fixed by a jury under the statute in a conviction for a homicide.

If it should be suggested that such unbridled discretion in the hands of the jury may be used oppressively and probably to the destruction of defendants so sued, the answer is the statute is sui generis, and ita lex scripta est. If the statute is unwise, the matter must be left to the legislative branch of the government, for the court has no authority to question the wisdom of the law or to change its letter or spirit.

For these reasons the application for rehearing should be overruled.

THOMAS, J., concurs in the foregoing.

### Addenda.

PER CURIAM. The verdict in this case in the trial court was for $25,000 damages, but upon appeal this court concluded that said verdict was excessive, and that the same should not have exceeded $15,000 under the facts and circumstances connected with the cause; and, as there was no reversible error other than the awarding of excessive damages, the cause was, under Acts 1915, p. 610, amendatory of the act of April 21, 1911 (Laws 1911, p. 587), reversed and remanded unless the plaintiff, within the time specified, remitted all damages in excess of $15,000, but, if such remittitur was made and entered, the judgment as thus reduced should be affirmed.

The remittitur was made and entered, and the cause is accordingly affirmed, and the question now arising and which has been brought to our attention is whether or not the plaintiff is entitled to 10 per cent. damages upon the affirmance as provided by section 2893 of the Code of 1907, and whether said judgment as last rendered should draw interest from the date of the rendition in the trial court or in this court.

[17] While the final judgment as rendered by this court under the above-mentioned facts resulted in an ultimate affirmance of this cause, we do not think that it is such an affirmance as carries with it the penalty of 10 per cent. damages as provided by said section 2893, as this court, notwithstanding the subsequent affirmance, did not confirm the judgment as originally rendered, but reduced it to the extent of $10,000; and, while the judgment as last rendered was an affirmance, it was such in form only, but not in substance. New York Life Ins. Co. v. Reese, 201 Ala. 673; 79 South. 245. This statute (section 2893) was evidently intended to penalize frivolous or delay appeals and did not contemplate that an appellant would be penalized on account of the mere form of the judgment as last rendered by this court, notwithstanding there was a substantial change or alteration of the judgment in his favor. Indeed, it seems to have been the unbroken custom of this court to exclude the penalty in cases similar to this one, though the fact may not have appeared in the opinion. We therefore hold that the clerk will not include the 10 per cent. damages in the judgment as finally rendered by this court.

[18] The court is of the opinion, however, that while the judgment as rendered by this court is different from the one rendered by the trial court, it is merely the rendition of such a one as should have been rendered by the trial court and should bear interest from the date of the trial. Indeed, the latter part of the act of 1915 provides that the judgment entered by this court "shall be and remain the judgment of the lower court and date back to the time of the rendition of judgment in the lower court."

All the Justices concur.