Cobine v. C., C., C. & St. L. Ry. Co. et al., 199 Ill. App. 106.

Carson Cobine, Appellant, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company and Chicago, Indianapolis & St. Louis Short Line Railway Company, Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. Louis Bernreuter, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Action by Carson Cobine, plaintiff, against Cleveland, Cincinnati, Chicago & St. Louis Railway Company and Chicago, Indianapolis & St. Louis Short Line Railway Company, defendants, for damages for injury to crops from overflow alleged to be caused by the construction of a dam across a stream which flowed through plaintiff's land. From a judgment for defendants, plaintiff appeals.

Plaintiff owned eighty acres of land lying one-half mile north and south and a quarter of a mile east and west. The south end of said lands was something over 2,000 feet north of the dam in question. This water course entered plaintiff's land on the north line and flowed through said eighty acres so owned by plaintiff the long way, and emptied onto a tract of land lying immediately south of plaintiff's land, owned or in the possession of defendants. The stream averaged about 6 or 7 feet in depth, and was about 20 feet in width from bank to bank. The dam was constructed during the latter part of the year 1910 and the early part of the year 1911. The center portion of the dam was called the "Spillway," was made of concrete, and was 69.7 feet wide. From the concrete spillway to the hill on each side the dam was built of earth, making the entire dam reach from one hill to the other. Defend-

ants thus formed a large reservoir north of the dam in which to collect and retain water to be used in the operation of their road. The top of the concrete spillway was on the same level as the bottom of the branch at plaintiff's south line.

The country through which this stream flowed was hilly, and the water at times of heavy rains would gather rapidly in the stream, and the stream would overflow its banks. On the land owned by plaintiff there was bottom land along the stream on each side thereof, composing about twenty-five or thirty acres of said eighty. This natural water course had its source something like two miles north of the dam. The bottom of the stream at the south line of plaintiff's land was approximately 7 feet lower than the bottom of the stream at the north line of his said land.

South of the line of plaintiff's land there was bottom land, and the fall was rapid, and during times of heavy rains the water would spread out over these bottom lands after leaving plaintiff's premises.

The damages claimed by plaintiff were to certain stacks of hay on said bottom land owned by him and for damage done to the corn grown on said premises for the year 1910.

H. B. EATON and J. F. EECK, for appellant.

D. E. KEEFE, for appellees; L. J. HACKNEY, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. WATERS AND WATER COURSES, § 29*—*when evidence sufficient to show that erection of dam not cause of overflow.* In an action by an upper riparian owner against lower riparian owners for damages for injury to crops from overflow alleged to be due to the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

construction of a dam, where the evidence was conflicting, evidence *held* sufficient to sustain a finding that the dam did not cause the water to back on plaintiff's land, and that it did not obstruct the natural flow of water through the same.

2. APPEAL AND ERROR, § 1241*—*when failure to instruct as to right to nominal damages invited error.* A plaintiff who only tenders an instruction covering the measure of damages, requiring the jury to award only such damages as they may find from the evidence, is not in position to allege as error the failure of the court to instruct that he was entitled to nominal damages, if the jury should find that he had not suffered actual damages.

3. APPEAL AND ERROR, § 1748*—*when judgment should be affirmed on appeal.* A judgment should be affirmed where the only issues are those of fact, and two juries have found against the appellant, and there are no substantial errors in the record.