**Randall Dairy Company, Appellee, v. Pevely Dairy Company and A. E. Kraemme, Appellants.**

476

October term, 1933. Heard in this court at the Opinion filed March 12, 1934.

HENSLEY & HENSLEY, JUNE C. SMITH and HUGH V. MURRAY, JR., for appellants.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Randall Dairy Company, a corporation, the appellee herein, instituted an action in case in the city court of East St. Louis against the Pevely Dairy Company, a corporation, and A. E. Kraemme, appellants herein, and James Hines.

The declaration upon which the case was tried consisted of three counts: the first two charged the defendants with speaking slanderous words of and concerning appellee and its dairy products. The third, or additional count, which was filed sometime after the original declaration, charged defendants with a conspiracy to injure and destroy appellee's business. No demurrer was filed to the first and second counts, but a general and special demurrer was filed and overruled as to the third. Defendants then moved to strike certain parts of the third count hereinafter referred to, but that motion was denied.

The pleas to the first two counts consisted of the general issue, and three pleas of justification on behalf of all the defendants; a fifth plea by Pevely Dairy Company denying the agency or employment of Hines and Kraemme, and joint liability with them; a sixth plea by Hines denying joint liability with appellants; and a seventh plea by Kraemme denying joint liability with Hines and the Pevely Dairy Company. Before trial, the court, on motion of appellee, struck the sixth and seventh pleas. To the third or additional count, a general issue plea was filed on behalf of all the defendants and also a special plea of limitations setting up that the cause of action declared upon in said third count

did not accrue within one year prior to the filing of the same. A demurrer was sustained to this special plea.

At the close of appellee's evidence, and at the close of all the evidence, all of the defendants moved for a directed verdict as to the third count, and each defendant severally moved for a directed verdict as to all the counts. At the close of appellee's evidence, the appellant dairy company moved to require the plaintiff to elect whether it would proceed against it alone, or jointly with Hines, or with Kraemme. All motions were overruled, except as to the motion of defendant Hines for a directed verdict on the first and second counts.

The jury returned a verdict against appellants for $8,000, and found Hines not guilty. Motions in arrest of judgment and for a new trial were made and overruled. Appellants have perfected their appeal. No cross errors have been assigned on the action of the court in directing a verdict for Hines on the first and second counts, or in entering judgment upon the verdict in favor of Hines.

The errors that have been assigned, and which are principally relied upon by appellants, test the sufficiency of the declaration, and the rulings of the court, in striking the special plea filed by Hines denying joint liability, in sustaining the demurrer to the limitation plea filed to the third count, in admitting certain evidence, in overruling the motions for a directed verdict, in giving certain instructions, and in overruling the motions in arrest of judgment, and for a new trial.

The first count alleged that appellee was engaged in the dairy business in East St. Louis, selling milk and other dairy products at retail; that appellant dairy company was engaged in the same business in the same territory, maintaining an office or plant in East St. Louis with defendant Hines, as manager, and

Kraemme as assistant manager; that it was the duty of the said employees to solicit new customers for appellant dairy company; that the defendants, contriving to injure plaintiff and its business, did, on April 24, 1932, in a certain discourse, in the presence of divers persons, speak and publish the ''false, scandalous, malicious and defamatory words following, that is to say, the said defendant, James Hines, said: 'Randall is selling watered milk' (meaning thereby that the plaintiff, Randall Dairy Company, is selling milk to its customers that contains a large percentage of water, and is not up to the standard of milk specified by the statute of the State of Illinois), and that in the same discourse and in the presence and hearing of, to wit, the same persons above referred to, the said defendant, A. E. Kraemme, said: 'Randall's plant is so filthy that the milk that comes out of there is not fit for the hogs to drink'; that in the same discourse and in the presence and hearing of said persons, the said defendant, A. E. Kraemme, said: 'Randall's plant is so filthy that it will soon be locked up by the State Food Inspector' (meaning thereby that the plaintiff's place of business was dirty, filthy and unclean, and that plaintiff's plant is being operated in violation of the statute of the State of Illinois governing the operation of dairy plants).''

Plaintiff further avers that at the time of uttering such false, malicious and scandalous words, as aforesaid, the said defendants, James Hines and A. E. Kraemme, were acting by authority and in the scope of their employment by the said defendant, Pevely Dairy Company, thereby injuring and damaging plaintiff in its good name, credit, reputation, trade and business.

The points raised by appellants as to the sufficiency of the various counts of the declaration might well be answered by the application of the rule that if there

is one count which states a cause of action although defectively stated, it will be sufficient to sustain a judgment on a motion in arrest. The first and third counts would be held defective on a demurrer but on a motion in arrest, they would be held sufficient, but, since the case must be remanded for a new trial, we will, in our discussion, consider some points not properly raised by motion in arrest of judgment.

Before verdict and judgment, pleadings are to be construed most strongly against the pleader, but after judgment, the rule is reversed and the pleading upon which the judgment is based is liberally construed and given every reasonable intendment to sustain the judgment. *Smith v. Rutledge,* 332 Ill. 150; *Plew v. Board,* 274 Ill. 232.

Where suit against two or more defendants sued as joint tort-feasors results in a verdict and judgment against two or more of them, any defendant against whom a cause of action was not stated in any count of the declaration may raise that question by a motion in arrest of judgment, *Henning v. Sampsell,* 236 Ill. 375, and this right is available, even after demurrer has been overruled and the defendant pleaded over. *Stearns v. Cope,* 109 Ill. 340; *Grimmer v. Friederich,* 164 Ill. 245.

The allegations against one, only, of the defendants cannot be considered in determining whether the declaration discloses a cause of action against the other. *Klawiter v. Jones,* 219 Ill. 626.

Joint tort-feasors may be sued jointly or severally but they cannot be sued severally in the same action, but, under par. 5, sec. 6, ch. 7, Cahill's Rev. Statutes, the objection that some of the counts state a cause of action against all of the defendants while other counts state a cause of action against each of them severally cannot be raised on a motion in arrest. *Chicago & Alton R. Co. v. Murphy,* 198 Ill. 462.

The sale of or offering for sale unclean, unwholesome, unhealthful or adulterated milk or cream, or milk which has not been well cooled or to which water or any other foreign substance has been added is prohibited by legislative enactment, and provision is made for seizing of the article offered for sale, to be followed by a court action and disposal of the article so offered for sale, and the taxing of costs. Cahill's Revised Statutes 1933, ch. 56b, ¶ 10 *et seq.*

It has been held that words charging a person with selling or offering for sale impure or watered milk in violation of the criminal statute are slanderous *per se.* 36 C. J. 1198; *Brooks v. Harison,* 91 N. Y. 83; *Geary v. Bennett,* 53 Wis. 444; and that words spoken or written about one in his trade or business which tend to impair his credit or charge him with fraud or indirect dealings or incapacity which tend to injure him in his trade or business are actionable without proof of special damage. *Clifford v. Cochrane,* 10 Ill. App. 570; *McDonald v. Lord & Thomas,* 27 Ill. App. 111; *Gerald v. Inter Ocean Pub. Co.,* 90 Ill. App. 205.

Any words which impeach the credit of any merchant or trader by imputing to him, bankruptcy, insolvency or financial embarrassment, or which impute to him fraud or dishonesty, or any mean and dishonorable trickery in the conduct of his business, or which in any other manner are prejudicial to him in the way of his employment or trade, are actionable. *Willfred Coal Co. v. Sapp,* 193 Ill. App. 400. Under the above authorities, we hold that the alleged words were actionable.

Appellants also contend that the first count is defective in that there cannot be joint tort-feasors in an action for slander and that if Kraemme uttered the words, as alleged, the action would be against him, alone.

There is a conflict in the decisions but we think the weight of authority supports the rule that where there

is no charge of conspiracy, two or more individuals uttering the same slanderous words at the same time cannot be sued in an action for slander, as joint tort-feasors, the reason being that the oral utterance of defamatory words by one is a complete offense, and the wrongful act is committed by the individual uttering the words, so that each speaks for himself and must respond in damages for his own language. *Yocum v. Husted*, 185 Iowa 119; *Duquesne Dist. Co. v. Greenbaum*, 135 Ky. 182, 24 L. R. A. (N. S.) 955; *Smith Bros. & Co. v. Agee & Co.*, 178 Ala. 627.

No Illinois authority has been cited and we have been unable to find any where this point has been directly passed upon but the rule announced has been recognized by the Supreme Court in two cases. In *Baker v. Young*, 44 Ill. 42, decided in 1867, a judgment was rendered against a husband and wife for damages, caused by the utterance of slanderous words by the wife and the court in the opinion held that under the law then in force the husband was liable for slander uttered by the wife during marriage but further held that they could not be jointly sued for slander by both. In *Economy Light & Power Co. v. Hiller*, 203 Ill. 518, the court in discussing joint liability of wrongdoers in a personal injury case said, ''There are some wrongs like slander which cannot be joint but the great majority of torts may be committed jointly.''

The appellant dairy company, a corporation, could only speak through its agents or employees and under the doctrine of *respondeat superior* is liable for slander uttered by an agent or servant while acting within the scope of his employment. *Lion Oil Co. v. Sinclair Refining Co.*, 252 Ill. App. 92.

The next question presented is, Could Kraemme, the agent or servant of the dairy company, and the dairy company be joined as joint tort-feasors for the slander-

ous words uttered by Kraemme while acting within the scope of his authority?

Wrongdoers in tort may be jointly and severally liable but joint liability exists only when the wrong itself is joint. Mere similarity of conduct or intent on the part of independent wrongdoers or individual wrongful acts committed by two or more persons acting separately but at the same time do not constitute joint wrongs.

To create a joint liability against wrongdoers, it is necessary that in the commission of the wrongful act, there was co-operation or concert by the wrongdoers in the accomplishment of the particular wrong. In *Economy Light & Power Co. v. Hiller, supra,* it was held that if the acts of each person are entirely distinct and separate, there cannot be joint liability but where different persons owe the same duty and their acts naturally tend to the same breach of that duty, the wrong may be regarded as joint and both may be held liable.

In this case, the duty to refrain from the utterance of false and slanderous words against the appellee and its products rested upon both of appellants. The appellant dairy company is liable under the rule of *respondeat superior* and the fact that Kraemme was the agent of the company and acting within the scope of his employment did not lessen the duty the law imposed upon him not to utter false or slanderous words about appellee.

We are of the opinion that the uttering of slanderous words by an agent of a corporation while acting within the scope of his employment constitutes an exception to the general rule and that both the principal and the agent may be sued as joint tort-feasors. *Aetna Life Ins. Co. v. Brewer,* 12 F. (2d) 818, 46 A. L. R. 1499; *Nunnamaker v. Smith,* 96 S. C. 294, 80 S. E. 465.

The allegation of the first count connecting Kraemme with the dairy company would not be sufficient on demurrer but when considered on a motion in arrest of judgment, the inferences that may be drawn from the allegations are sufficient to state a cause of action against both principal and agent.

The second count is the same as the first in all material averments except that the agent Hines is alleged to have spoken the slanderous words. The first count charged the agent Kraemme with uttering the slander. The words alleged to have been spoken are identical in each count.

As above indicated, the slanderous words spoken by Kraemme and set forth in the first count stated a joint cause of action against Kraemme and the dairy company but the same words spoken by another agent of the dairy company would be another cause of action. The first count did not state a cause of action against Hines and the second did not state one against Kraemme. Two or more causes of action for slander may be united in one declaration but should not be joined in the same count. *Ogren v. Rockford Star Printing Co.*, 288 Ill. 405. The court therefore erred in not sustaining Kraemme's motion for a directed verdict as to the second count.

The law is well settled in this State that where an action on the case is brought against two defendants and one of them is liable only on account of the rule of *respondeat superior* for the negligence of the other, if the latter is found not guilty, such finding is a complete bar to the action against the former. *Hayes v. Chicago Tel. Co.*, 218 Ill. 414; *Anderson v. West Chicago St. Ry. Co.*, 200 Ill. 329; *Meece v. Holland Furnace Co.*, 269 Ill. App. 164. Since Hines was by the allegation of the second count the agent of the appellant dairy company and the court having directed a verdict for Hines as to the said count, it erred in not directing a verdict for the appellant dairy company as to the same count.

The third or additional count alleged that the defendants conspired to destroy the plaintiff's business and in pursuit of that conspiracy attempted to and did by false and slanderous statements cause plaintiff's employees to quit its employ; made slanderous statements to appellee's customers regarding its business and dairy products (not setting up the alleged slanderous statements) and attempted to and did get the names of various customers of the plaintiff and called upon said customers and made the slanderous statements set out in the first and second counts of the declaration (without setting them forth).

The acts of the defendants from which a conspiracy may be inferred and the wrongful acts committed pursuant to the conspiracy should have been set forth with greater particularity and the court should have sustained the special demurrer to that part of the count.

In addition to the foregoing averments, this count contained an allegation to the effect that a route book containing the names and addresses of certain customers of appellee had disappeared from one of their trucks; that thereafter appellants called on said customers; that at another time appellee caught one of appellant dairy company's employees attempting to get into a delivery truck where another route book was kept. There was no allegation connecting the loss of the first book with either of appellants. It was challenged by special demurrer and motion to strike, both of which were overruled. On the trial, appellee was permitted to prove over the objection of appellants substantially the facts as averred. No evidence was offered to connect the loss of the book with either of appellants, except that subsequently, they called on some of the customers whose names were in the book. Later this evidence was stricken but the striking of the evidence did not cure the error in its admission. The effect of the evidence as to the loss of the book was to convey to the jury the impression that appel-

lants had stolen a book from appellee in one instance and were attempting to steal another book at another time. The allegation in this form had no place in the pleadings and it was prejudicial error to admit such evidence.

The gist of the action as alleged in the third count is a conspiracy to slander and inasmuch as it did not set forth the slanderous statements or the date of the utterance, the special plea of limitation filed by appellants should have been permitted to stand.

The thirteenth instruction tendered by appellee told the jury that if they believed that Kraemme, while acting within the scope of his employment, spoke the words set out in either the first or second count and such statements were untrue, then the dairy company was liable. Instruction 14 was to the same effect, except that it concluded that if such facts were proven, the plaintiff would be entitled to a verdict against the dairy company and Kraemme under the first and second counts. In view of our holdings as to the second count and the liability of appellants thereunder, it was error to refer to it in the instruction. Furthermore, it is not proper to give instructions which refer the jury to the pleadings to ascertain the material issues of fact in the case. *Bernier v. Illinois Cent. R. Co.*, 296 Ill. 464. Instructions numbered 25, 26, 27 and 28, tendered by appellee, also refer to the pleadings and are subject to the same criticism.

Errors have been assigned which raise questions relative to the evidence but since the case must be reversed and remanded for a new trial, we will not comment on the evidence nor will we discuss the other errors assigned which in all probability will not be repeated in another trial.

For the reasons pointed out, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*