Randall Dairy Company, Appellee, v. Pevely Dairy Company and A. E. Kraemme, Appellants.

Opinion filed January 4, 1935.

HENSLEY & HENSLEY, of St. Louis, Mo., JUNE C. SMITH, of Centralia, and HUGH V. MURRAY, JR., of Carlyle, for appellants.

BEASLEY & ZULLEY, of East St. Louis, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

This is an action of slander brought by appellee, Randall Dairy Company, against Pevely Dairy Company and A. E. Kraemme, wherein it obtained a verdict and judgment for $26,000 against both appellants, and from which they appeal.

The cause of action is laid as of April 24, 1932. Suit was instituted to the September Term, 1932, of the city court of East St. Louis. There was a trial which resulted in a judgment against appellants, in the sum of $8,000. The case was reviewed by this court, and reversed and remanded. *Randall Dairy Co. v. Pevely Dairy Co.*, 274 Ill. App. 474.

Following the remandment of the cause, appellee, who will be hereafter referred to as plaintiff, sought leave to file a complaint under the Civil Practice Act, Cahill's St. ch. 110, ¶ 129 *et seq.*, which had become operative after the institution of the suit. Leave was granted, and on May 19, 1934, plaintiff filed such complaint; whereupon, appellants, to be designated as defendants, filed their motion, under the Civil Practice Act, to dismiss the suit on account of defects appearing on the face of the complaint, basing such motion upon three grounds, namely: That the court exceeded its jurisdiction in permitting plaintiff to file its complaint herein, where the suit had been instituted prior to January 1, 1934; that the cause of action accrued more than one year prior to May 19, 1934, the date of the filing of the complaint; and that the complaint, consisting of a single count, set forth three separate and

distinct causes of action, and that, as such, they were not legally joinable in a single count. The motion was denied.

The first ground referred to has not been argued, hence it will be considered as waived. *Lingle v. West Chicago Park Com'rs*, 222 Ill. 384.

As to the second mentioned ground, that the pleading fails to show the cause of action accrued within one year of the filing of the complaint, as before stated the suit was instituted and summons issued to the September Term, 1932, of the city court. This was the commencement of the suit. *Milwaukee Mechanics' Ins. Co. v. Schallman*, 188 Ill. 213, 220.

Section 46 of the Act, Cahill's St. ch. 110, ¶ 174, provides that in all civil actions, at any time before final judgment, amendments may be allowed in any process or pleading which may enable the plaintiff to sustain his claim, or the defendant to make a defense or assert a cross demand; also, that the cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time, under any statute limiting the time within which such action might be brought, if such time had not expired when the original pleading was filed; and if it appears from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading, grew out of the same occurrence set up in the original pleading, even though the original pleading defectively stated the cause of action, defense or cross demand, in failing to allege the performance of some act or the existence of some fact or other matter, same being a necessary condition precedent to the right of recovery or defense asserted, when such condition precedent has in fact been performed, and for the purpose of preserving, as aforesaid, such cause of action, cross demand or defense set up in the amended pleading, and for such purpose only, any

such amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended.

That the complaint was in reality an amended declaration, in lieu of the original, seems obvious, and as it is apparent that it related to the same transaction as the original pleading, and was filed to supplement and supply defects therein, it was sufficient within the terms of said sec. 46, and should be held to relate back to the date of filing the original declaration; therefore, as there has been no question raised that the original pleading was not filed within apt time, we think the complaint was sufficient to comply with said section, and did not show on its face that the action did not accrue within the statutory period for the commencement of the suit. As to this ground we think the ruling of the trial court was right.

The remaining ground challenged the sufficiency of the complaint, as stating within a single count more than one claim or cause of action.

Paragraph 2 of section 33 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 161, provides: "Each separate claim or cause of action upon which a separate recovery might be had, shall be stated in a separate count or counterclaim, as the case may be, and each count, counterclaim, defense or reply, shall be separately pleaded, designated and numbered, and each shall be divided into paragraphs numbered consecutively, each paragraph containing as nearly as may be a separate allegation."

Rule No. 12 of the Rules of Practice and Procedure adopted by the Supreme Court to amplify the statute is as follows: "Different breaches of a contract, bond or other obligation, and different breaches of duty, whether statutory or at common law, or both, growing out of the same transaction, or based on the same set

of facts, may be treated as a single claim or cause of action, and set up in the same count.

''A party shall not be required to plead separately causes of action or counter claims arising out of the same transaction or based on the same state of facts, but may make a single statement of the transaction or facts, and follow this with a statement of the various legal grounds upon which he claims to be entitled to recover under such facts.

''If the facts are adequately stated in one part of a pleading, or in one pleading, they need not be repeated elsewhere in such pleading or in other pleadings.''

The portions of the complaint attacked by this ground of the motion are paragraphs 3, 4 and 5.

In paragraph No. 3 it is alleged that the defendants, intending to injure and destroy the good name, reputation and business of the plaintiff, did, in a discourse by defendant Kraemme, in the performance of his duties as assistant manager of the Pevely Dairy Company, concerning the plaintiff, in the presence of divers persons, speak slanderous words to the effect that paintiff was selling watered milk; that plaintiff's plant was so filthy that milk from it was not fit for the hogs to drink, and that plaintiff's plant was so filthy that it would soon be locked up by the State Food Inspector.

Paragraph 4 charges that defendant, Pevely Dairy Company, with the design to destroy plaintiff's business, and to establish its own in the same territory, through its assistant manager Kraemme, and through its other officers and agents, slandered plaintiff by appearing on the premises of plaintiff's customers, and within their hearing, repeating the defamatory words set out in paragraph 3.

The 5th paragraph averred that defendant, Pevely Dairy Company, in order to carry out the design de-

scribed in the preceding paragraph, which was to destroy the business of plaintiff, through the defendant Kraemme and its other agents, did persuade certain trusty employees of plaintiff to break their contracts of employment with plaintiff, and induced them to enter the employ of defendant, Pevely Dairy Company, well knowing they were employees of plaintiff, and that their loss by the plaintiff would cripple the operations of its plant and destroy its business.

Paragraph 3, in conjunction with paragraphs 1 and 2, being the inducement, and paragraphs 6 and 7, being the conclusion, states a good cause of action for slander. Paragraph 4, likewise, connected with the first three, and last two, paragraphs, states sufficiently an action for slander. Defendants contend that paragraph 4 is defective in not setting forth the slanderous words. It will be observed that its concluding clause refers to the words set forth in paragraph 3, and the slanderous matter stated therein. This is sufficient and states a good cause of action.

It is manifest that paragraphs 3 and 4 are stating the same transaction, in different language, and that they are alleging the same breach of duty; hence, within the Supreme Court's Rule No. 12, may be joined in the same count.

As respects paragraph No. 5, a different situation exists. It states a cause of action wholly unrelated to that averred in paragraphs Nos. 3 and 4, the specific charge being that defendants, for the purpose of ruining the business of plaintiff, wrongfully persuaded its employees to break their contracts with plaintiff and enter the service of defendant, Pevely Dairy Company, knowing that by so doing they would injure and destroy the former's business.

That such paragraph 5 set up a good ground for action cannot be doubted. It is the law that if one, knowing of the existence of the relation of master and

servant, wilfully and without just cause or excuse, entices the servant to quit his employment, to the master's injury, such person so offending is liable in damages. *S. C. Posner & Co. v. Jackson,* 223 N. Y. 325, 119 N. E. 573; *Walker v. Cronin,* 107 Mass. 555; *Hitchman Coal & Coke Co. v. Mitchell,* 245 U. S. 229.

In *Doremus v. Hennessy,* 176 Ill. 608, at page 614, it is said: "It is clear that it is unlawful and actionable for one man, from unlawful motives, to interfere with another's trade by fraud or misrepresentation, or by molesting his customers or those who would be customers, or by preventing others from working for him or causing them to leave his employ by fraud or misrepresentation or physical or moral intimidation or persuasion, with an intent to inflict an injury which causes loss." This doctrine is quoted with approval in *London Guarantee & Accident Co. v. Horn,* 206 Ill. 493, 507.

Paragraph 5 set up a good cause of action, upon the premises alleged. This, however, proceeded upon the failure of defendant to desist from violating its legal obligation not to interfere with the contract rights of the plaintiff with its employees, for the purpose of injuring it, while paragraphs 3 and 4 were based upon the breach of defendant's duty to refrain from slandering plaintiff in the hearing of its customers. These breaches of duty did not grow out of the same transaction, nor were they based upon the same set of facts; consequently they were not joinable in the same count of the complaint under the terms of said Rule 12.

In our opinion the actionable causes set forth in paragraphs 3 and 4 were properly contained in a single count. We think, however, that the ground of action alleged in paragraph 5 was foreign to that of the other paragraphs, and could not be joined with them in the same count of the complaint. It is our conclusion that the court should have sustained the motion for the reason last discussed.

After the denial of the motion, defendants answered the complaint. Whether by so doing they waived the objections set forth in the motion to dismiss is not before us. Both parties have argued the question as being properly saved for review; hence we have considered it. The court then, upon motion of plaintiff, struck out paragraphs 8, 9, 10, 11, 12 and 13 of the answer, and this action is claimed as error. We do not think it is. The matters averred in these paragraphs were all set forth in the motion to dismiss, and ruled upon by the court. Defendants contend that notwithstanding such fact, they were not precluded from again raising the questions by their answer, and are authorized so to do by sec. 48 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 176.

Paragraph 4 of said section 48 provides: "The raising of any of the foregoing defenses to the action by motion shall not preclude the raising of them subsequently by answer unless the court shall have made a decision therein; and a failure to raise any of them by motion shall not prejudice raising them by answer."

It will be observed that the statute expressly limits the right to raise such questions by answer to instances where they have not been raised by motion, or where, if so raised, the court has not ruled thereon. If, however, the court has passed on the motion, all the grounds set forth therein are disposed of and adjudicated, and cannot be again presented by answer. The court correctly struck such paragraphs from defendant's pleading.

At the close of plaintiff's case, both defendants moved the court to direct the jury to find the defendants guilty and to assess plaintiff's damages at the sum of one dollar. This motion was denied.

Plaintiff insists that by such motion defendants admitted their liability as charged in the complaint, and

every material allegation therein, and cites in support of such contention *Child v. Homer,* 13 Pick. (Mass.) 503. An examination of this authority discloses that the court's holding in that case was based upon the fact that it was agreed by counsel that the only question for the jury was the amount of damages. Such is not the case here. After the denial of said motion, defendants severally filed motions asking the court to direct the jury to find defendants not guilty, both of which motions were overruled. However, the court, in the charge to the jury, stated that the fact that instructions had been given on the subject of damages, or that defendants' counsel had discussed the subject of damages, was not to be taken by the jury as any admission by the defendants of their liability. It does not appear that plaintiff made any objection to this portion of the charge, as it should have done, under sec. 67 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 195, if it regarded the question of the amount of damages as being the only issue in the case. It does not appear that there was any agreement between counsel as to liability, such as existed in *Child v. Homer, supra;* hence we do not regard it as an authority in this case.

It is also contended by defendants that there is no competent proof that Kraemme was the agent of the Pevely Dairy Company at the time the alleged slanderous words were spoken.

It appears that five or six years prior to the trial, at a meeting of dairymen at the Broadview Hotel in East St. Louis, Daniel C. Kerckhoff, president of the Pevely Dairy Company, introduced Kraemme to John Randall, president of plaintiff; that Kerckhoff said Kraemme was his assistant, and that he was a solicitor for the Pevely Dairy Company. The answer of defendants admits that James Hines, at the time in question, was an officer of the last named dairy company.

The proof shows that Hines introduced Kraemme as an assistant manager of his company, to certain customers of plaintiff. Ruth Tibbitt testified that she was an office girl of the Pevely Dairy Company, from January, 1931, to January, 1933, and related facts and circumstances as to Kraemme's connection with, and his activities in behalf of, said dairy company, which, if believed by the jury, justified the inference that he was, during such time, an agent of his codefendant. We think the proof of agency is sufficient.

A further ground urged for reversal is the refusal of the court to incorporate in its charge certain suggestions offered by defendants, and also that a portion of the charge as given was erroneous. It is objected that in one paragraph of the instructions the jury were told if they believed from the evidence that Kraemme uttered the alleged defamatory words in his capacity as agent, the Pevely Dairy Company knowing of such fact, and that such company, by acts or conduct, acquiesced in or ratified Kraemme's acts in making such utterances, then both defendants were liable as joint tortfeasors. The ground of objection is that there is no evidence in the record that the Pevely Dairy Company ever knew that Kraemme had made the alleged statements, or that it had approved or ratified the same.

We think the objection is well taken. Instructions should not be given unless they are based upon some evidence in the record. *Smith v. Sanitary District,* 260 Ill. 453. There is no evidence in this case which in any way tended to show that the Pevely Dairy Company either knew that Kraemme had spoken the words complained of, or approved of or ratified the same. This part of the charge was erroneous. It is claimed that other portions were improperly given. We think, however, that they stated the law with substantial accuracy, and did not operate to the prejudice of defendants.

As to the suggestions of defendants which the court refused, paragraph No. 2 thereof was a general direction on the subject of the preponderance of the evidence, defined the term, and informed the jury of its duty in that regard. No part of the charge, as given, did so. Defendants were entitled to have the jury instructed upon the subject, and the refusal was error. As to the remaining suggestions of defendants, not incorporated in the charge, we think that upon the record, as made, the court was warranted in their refusal.

Plaintiff urges that inasmuch as two juries have found the same way in this cause, the judgment should not be disturbed. The rule, as we understand it to be, is, that where two or more juries have returned like verdicts in a cause, a judgment based thereon will not be lightly set aside as contrary to the weight of the evidence; but that it has no application to situations where there are substantial errors in the record; as held by this court in *Cobine v. Cleveland, C., C. & St. L. Ry. Co.*, 199 Ill. App. 106.

For the errors indicated, we are of opinion that the judgment should be reversed and the cause remanded, with directions to sustain the motion of defendants to dismiss the action for defects appearing upon the face of the complaint; plaintiff to have leave, if it be so advised, to amend the complaint to comply with the views herein expressed.

*Reversed and remanded with directions.*